# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ANTHONY SHANE JEFFERS**

v.                                                  CRIMINAL NOS. 1:16CR28-LG-JCG
                                                                    1:15CR55-LG-RHW-6
                                                    CIVIL NO. 1:17CV273-LG

**UNITED STATES OF AMERICA**

## ORDER DENYING MOTION FOR DOCUMENTS WITHOUT COSTS

**BEFORE THE COURT** is the Motion [17, 299] for Documents without Costs filed by the petitioner Anthony Shane Jeffers. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

Jeffers was one of seven defendants charged in this criminal conspiracy action. The Indictment states that "[i]t was the object of the conspiracy for the defendants . . . , and others, to unlawfully enrich themselves by conducting multiple complex financial fraud schemes via the internet, U.S. mail and various express package delivery services." (Indictment 5 (¶ 39), ECF No. 17). On the day that trial was set to begin in April 2016, Jeffers agreed to plead guilty to conspiracy to commit identify theft and theft of government funds pursuant to a written plea agreement with the Government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255. (*See* Plea Agreement, ECF No. 188). He was thereafter sentenced in September 2016 to 120 months' imprisonment.

Jeffers filed a Motion [291] asking the Court to Compel his former attorney to provide his case file to Jeffers. This Court entered an Order [293] denying the Motion because:

> [T]he **only** ineffective assistance of counsel claim [Jeffers] could possibly have is one that his lawyer's ineffective assistance directly affected the validity of waiver or the plea itself. Jeffers has not identified anything in his "case file" that he needs to make this showing, and it is unclear to the Court what, if anything, in that file would be relevant to this narrow issue.

(Order at 3, ECF No. 293). The Court also cautioned Jeffers that any future Motion requesting the case file "must include specific facts pertaining to the alleged ineffective assistance and an explanation of what he believes he needs from the case file to prove that claim." (*Id.*)

On September 29, 2017, Jeffers filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleging ineffective assistance of counsel and actual innocence. Jeffers' former attorney filed an affidavit in opposition to the Motion on October 4, 2017. The Government's response is due on November 3, 2017.

In the present Motion, Jeffers discusses his attempts to obtain his case file from his former attorney and he asks the Court to provide him with "the documents on file that pertain to his representation by Court appointed attorney Melvin G. Cooper, Esq. in the above referenced case" as well as the transcripts from the change of plea and sentencing hearings and the "release of the Department of Homeland Security Report of Investigation." (Mot. at 1, ECF No. 299).

# DISCUSSION

An indigent prisoner is entitled to a free transcript if he is asserting a claim under Section 2255 and a judge certifies that the transcript is needed to decide the decision.  28 U.S.C. § 753(f).

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

However, "[a] federal prisoner is "not entitled to free copies of his trial records solely because he is indigent or because he desires to prepare a petition seeking collateral relief." *United States v. Watson*, 61 F. App'x 919, *1 (5th Cir. 2003).  Free copies of records will not be provided so that a prisoner can conduct "fishing expeditions to locate possible errors." *Id.*  Thus, a prisoner must demonstrate that the records requested are necessary for the proper disposition of his claims.  *See id.*

In the present case, Jeffers still has not explained how the records he requests would assist him in pursuing his claims for post-conviction relief.  He has not specified which of his claims would be supported by the records sought, which specific records are needed, or why they are relevant.  Furthermore, his request for "the documents on file that pertain to his representation by Court appointed attorney Melvin G. Cooper, Esq." is too vague, and the Court is unable to determine which documents Jeffers seeks.  It also appears that the Department of Homeland Security Report of Investigation is not included in the Court record.  Therefore,

Jeffers' request for copies of transcripts and other records at the Government's expense is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [17, 299] for Documents without Costs filed by the petitioner Anthony Shane Jeffers is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of October, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge